UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONTE MOORE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Civil Case No. 8:22-cv-2753-MSS-AEP
Crim. Case No. 8:19-cr-276-MSS-AEP

### O R D E R

Donte Moore moves under 28 U.S.C. § 2255 to vacate his convictions for being a felon in possession of a firearm and possession with intent to distribute cocaine, for which he serves a sentence of 188 months. (Civ. Docs. 1–3) The United States moved to dismiss Moore's § 2255 motion as untimely, and Moore filed a response. (Civ. Docs. 5 and 9) Upon consideration, the Court dismisses Moore's § 2255 motion as untimely.

### I.  Background

Moore pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One), and possession with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two). (Crim. Doc. 29, 33, and 60) The United States Probation Office recommended that Moore be sentenced as an armed career criminal under 18 U.S.C. § 924(e) based on his prior Florida convictions for delivery of cocaine and delivery of cannabis. (Crim. Doc. 53 at ¶¶ 33, 41–42, and 45)

At sentencing, Moore lodged no objections to the guidelines calculations or the factual accuracy of presentence report. (*Id*. at 10) On February 17, 2021, the district court sentenced Moore to serve 188 months' imprisonment. (Crim. Doc. 51) He filed no appeal.

## II.  Discussion

On December 7, 2022, Moore initiated this action by filing a motion under 28 U.S.C. § 2255 to vacate his convictions and sentence in which he raises three grounds for relief. In Grounds One and Three, Moore claims his counsel was ineffective for not challenging his Armed Career Criminal Act ("ACCA") sentencing enhancement because his prior Florida convictions are not predicate "serious drug offenses." In Ground Two, Moore claims his guilty plea was unknowing and involuntary because counsel failed to advise him of his sentencing exposure.

The United States responds that Moore's claims are untimely and therefore the § 2255 motion must be dismissed. (Civ. Doc. 5) When asked to explain why the one-year statute of limitations in 28 U.S.C. § 2255(f) does not bar his claims, Moore responds that his motion is timely for two reasons: (1) because of an intervening rule of law and (2) because COVID-19 pandemic restrictions interfered with his ability to obtain necessary legal resources.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). The one-year period runs from the latest of:

  (1) the date on which the judgment of conviction becomes final;

  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**A. 28 U.S.C. § 2255(f)(1)**

A judgment was entered against Moore on February 17, 2021, and he filed no appeal. (Crim. Doc. 51) If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). Moore's judgment became final on March 3, 2021, which is 14 days after the judgment was entered against him on February 17, 2021. Therefore, Moore had until March 3, 2022, to file his § 2255 motion. He did not file his § 2255 motion until December 7, 2022, approximately nine months after the March 3, 2022, deadline. Because Moore did not file the § 2255 motion until nine months after the filing deadline, his claims are untimely under § 2255(f)(1).

B.     **Pandemic Restrictions**

Moore claims that COVID-19 pandemic restrictions limited his access to necessary legal resources and that such restrictions constituted an "impediment . . . created by governmental action" under § 2255(f)(2) that prevented him from timely filing his § 2255 motion. (Civ. Doc. 1 at 11; Civ. Doc. 2 at 1, 3)  Moore explains that, after his sentencing, he was initially housed in several county jails that maintained "strict COVID-19 protocols without access to a law library or inmate assistance." (Civ. Doc. 1 at 11)  Eventually, in October of 2021, he was transferred into the custody of the Bureau of Prisons and housed at the Miami Federal Correctional Institution ("Miami FCI"). *Id*.  According to Moore, Miami FCI only allowed "limited access to the electronic law library without access to law library clerks or 'jailhouse lawyers' who could assist [him] in the preparation of his [§ 2255 motion]." *Id*.  Moore states that the Bureau of Prisons lifted restrictions on October 12, 2021—the same month that he arrived at Miami FCI. *Id*.

Moore's limited access to legal resources during pandemic restrictions does not, standing alone, constitute an unconstitutional impediment under § 2255(f)(2). *See Atkins*, 204 F.3d at 1090 (finding that the "mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment" under § 2255(f)(2)). Moore must show that the restrictions, or lockdowns, caused an "actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence." *Id*.  And, assuming the pandemic restrictions caused actual harm to Moore, he must also show that the

4

restrictions were not "reasonably related to legitimate penological interests in order for the lockdown to be considered an unconstitutional impediment." *Id*. (quotations omitted).

Moore fails to meet this burden. He acknowledges that he had access (although limited) to the electronic law library at MCI Miami and that the BOP lifted pandemic restrictions the same month that he arrived. He fails to explain why he could not have filed his § 2255 motion in the months between his arrival at MCI Miami in October of 2021 (when pandemic restrictions were lifted) and the filing deadline in March of 2022. *See Akins*, 204 F.3d at 1090 (ruling that "the record [did] not support a finding of actual injury when [the petitioner] fail[ed] to explain why the seven months prior to lockdown were inadequate to complete and file his motion"). Furthermore, Moore advances no argument to show that the pandemic restrictions were not reasonably related to a legitimate penological interest. *See id.* at 1090 (ruling that the petitioner's "conclusory statements of an unconstitutional violation [of his right to access to the courts] [were] not supported by any evidence in the record").

C.  **Intervening Rule of Law**

Moore claims that his § 2255 motion is timely under §§ 2255(f)(2), (f)(3), and (f)(4) because of an intervening rule of law. He points to *United States v. Jackson*, 36 F.4th 1294 (2022) (*Jackson I*), which held that the defendant's Florida cocaine-related offenses did not qualify as predicate serious drug offenses under the ACCA. However, the Eleventh Circuit vacated *Jackson I* on September 8, 2022, before Moore filed this § 2255 action on December 7, 2022. *United States v. Jackson*, 36 F.4th 1294 (11th Cir.

5

2022) (*Jackson I*), *vacated*, 2022 WL 4959314 (11th Cir. Sept. 8, 2022). And, on December 13, 2022, the Eleventh Circuit issued *United States v. Jackson*, 55 F.4th 846, 854 (11th Cir. 2022) (*Jackson II*), in which it reached the opposite conclusion and found that the defendant's Florida cocaine-related offenses qualified as predicate serious drug offenses.[1]

Moore argues that his motion is timely under § 2255(f)(2) because he filed this action within one year of *Jackson I*. Construing Moore's argument generously, he argues that *Jackson I* removed an impediment that prevented him from filing this action because it overruled an earlier (unidentified) opinion or rule that defeated his claims. However, because an opinion or rule that defeats a claim is not an "impediment to making a motion," and because the Eleventh Circuit vacated *Jackson I*, the limitation period did not start under § 2255(f)(2) when *Jackson I* issued. *See Britt v. United States*, No. 23-11709, 2023 U.S. App. LEXIS 33016, at *2–3 (11th Cir. Dec. 13, 2023) (affirming *Britt v. United States*, No. 8:23-cv-469-MSS-AAS (M.D. Fla. Apr. 17, 2023) and finding that "§ 2255(f)(2) did not apply because any earlier rule contrary to the initial *Jackson I* decision did not impede [the petitioner] from filing the instant motion, even if that rule would have defeated his claim").

---

[1] Notably, this change in the Eleventh Circuit law from *Jackson I* to *Jackson II* effectively forecloses Moore's primary substantive argument for relief from the sentence he received in this case. Moore cannot show that counsel was ineffective for not challenging the ACCA sentencing enhancement on the grounds that his Florida convictions are not predicate serious drug offenses because such challenge lacks merit, *see Jackson II*, and counsel is not ineffective for not advancing a meritless claim, *see Hollis v. United States*, 958 F.3d 1120, 1124 (11th Cir. 2020).

Next, Moore argues that his motion is timely under § 2255(f)(3) because he filed this action within one year of *Jackson I*. This argument fails because neither *Jackson I* nor *Jackson II* is an opinion by the United States Supreme Court that recognizes a right that has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see also Britt*, 2023 U.S. App. LEXIS 33016, at *2–3 (affirming that "§ 2255(f)(3) did not apply because [*Jackson I*] was not issued by the Supreme Court").

Finally, Moore argues that his motion is timely under § 2255(f)(4) because he filed this action within one year of *Jackson I*. This argument fails because an opinion by a court of appeals or the United States Supreme Court is not a newly-discovered fact that supports a claim. *See Britt*, 2023 U.S. App. LEXIS 33016, at *2–3 (affirming that "§ 2255(f)(4) did not apply because *Jackson I* was not a newly discovered 'fact'").

**D.    Equitable Tolling**

In his response, Moore argues that he is entitled to equitable tolling of the limitation period. (Civ. Doc. 9 at 2–4) To toll the limitation period, the movant must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "[E]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (quotations omitted). "The focus of the inquiry regarding extraordinary circumstances is on the circumstances surrounding the late filing of the habeas petition . . . and whether the conduct of others prevented the

petitioner from timely filing." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (quotations omitted). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Dodd*, 365 F.3d at 1282 (quotations omitted). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Moore argues that the "government impeded his ability to access the Courts." (Civ. Doc. 9 at 4) He claims that he "had no copies of documents, transcripts or his plea or PSR to rely on when making his original claim." (*Id.* at 2) He further argues, "If a high school drop-out at 15 with learning difficulties cannot claim an impediment to pursuing his rights because prison protocols prevented his access to law clerks and jail house lawyers as the bases for equitable tolling then who can? Prison staff advised [Moore] time and time again, we're in a pandemic emergency[.] [T]he Courts understand." (*Id.*)

Even construing these assertions generously, Moore fails to show that prison restrictions related to the pandemic prevented him from timely filing his § 2255 motion. "[The Eleventh Circuit] has recognized that, under its precedent, lockdowns and periods in which a prisoner is separated from his legal papers are not extraordinary circumstances in which equitable tolling is appropriate." *Powell v. United States*, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) (ruling that COVID-19 pandemic restrictions did not constitute extraordinary circumstances warranting equitable tolling) (quoting *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004)). Similarly, "'routine' transfers between prisons be themselves are not

8

'extraordinary circumstances.'" *Powell*, 2022 WL 2811987, at *1. Moore neglects to describe how pandemic restrictions in the prison prevented his timely filing or interfered with his access to legal resources.

Furthermore, Moore's limited education and unidentified learning difficulties "are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268. "[The Eleventh Circuit] has not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 1013) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness")); *see also Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2022) ("[I]gnorance of the law is [an] insufficient rationale for equitable tolling[.]"); *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) ("[W]e have not accepted a lack of legal education as an excuse for a failure to file in a timely fashion."). Significantly, "pro se litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Consequently, Moore fails to meet his burden to show that pandemic restrictions and his limited education justify equitable tolling of the statute of limitations.

### III. Conclusion

Accordingly, the motion to dismiss filed by the United States (Civ. Doc. 5) is **GRANTED**, and Moore's § 2255 motion is **DISMISSED as time barred**. The Clerk

is directed to enter judgment against Moore, to terminate any pending motions, to close this case, and to enter a copy of this order in the criminal action.

## DENIAL OF A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Because Moore neither makes a substantial showing of the denial of a constitutional right nor shows that reasonable jurists would find debatable both the merits of the underlying claims the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida, this 21st day of May, 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE